CITY OF ELSBERRY, Respondent, v. BLACK, Appellant.

**St. Louis Court of Appeals, June 5, 1906.**

**MUNICIPAL CORPORATIONS: Special Taxbills: Contracts for Street Improvements.** Where the city council of a city of the fourth class advertised for bids for the construction of a sidewalk, under section 5989, Revised Statutes 1899, and on the failure to receive bids, ordered the street commissioner and street and alley committee to construct the walk according to the provisions of section 5992, and the street commissioner and street and alley committee made a verbal contract for the construction of the work at a certain price per square foot and no account was kept of the separate amounts expended for labor and material as required by the last section, taxbills issued against the abutting property for the construction of the work were void and could not be enforced.

Appeal from Lincoln Circuit Court.—*Hon. Houston Johnston,* Judge.

REVERSED.

*Norton, Avery & Young* for appellant.

(1.) Proceedings to compel owners to pay for improvements in front of their properties are *in invitum,* and strict performance of all conditions is necessary to fasten a lien upon the property of the citizen. Rose v. Trestrail, 62 Mo. App. 352; West v. Porter, 89 Mo. App. 150. (2) The work must be done in accordance with the plans and specifications, and any substantial variance between plans and specifications and the work as done will render taxbill void and prevent any recovery. Gallreath v. Newton, 30 Mo. App. 380; King Hill Brick Mfg. Co. v. Hamilton, 51 Mo. App. 120; Dunn v. McNeely, 75 Mo. App. 217. (3) So strictly is performance required that if work is not completed within time limited in contract, the taxbill is void. Winfrey v. Singer, 89 Mo. App. 159.

*Joseph R. Palmer* and *W. A. Dudley* for plaintiff.

(1) An estimate of the cost of constructing the proposed walk is of no importance except when a contract is to be let. Here none was let. R. S. 1899, sec. 5984. But in this case a proper estimate was made by the proper officer in proper time. Sec. 5984; Springfield to use v. Knott, 49 Mo. App. 612; Marshall v. Rainy, 78 Mo. App. 416; Bevier v. Watson, 87 S. W. 612. (2) A substantial compliance with the charter and ordinances is all that is required. Cole v. Skrainka, 105 Mo. 303, 16 S. W. 491; St. Joseph v. Landis, 54 Mo. App. 315; Rose v. Trestrail, 62 Mo. App. 352; Gibson v. Owen, 110 Mo. 445, 19 S. W. 713; Steffen v. Fox, 124 Mo. 630, 28 S. W. 70. (3) The charter (R. S. 1899, sec. 5992) and the ordinances (sec. 307) required the city to "keep an accurate account of the amount expended for labor and materials." The labor and materials having been paid for in gross by the square foot, the account necessarily assumed the same form. This was done and was sufficient. The taxbill and not the work done is the cause of action. Prendergast v. Richards, 2 Mo. App. 187. It makes a prima facie case for the city. R. S. 1899, sec. 5986; Stefel v. Dougherty, 6 Mo. App. 441; Moberly v. Hagan, 131 Mo. 19, 32 S. W. 1014; Seibert v. Allen, 61 Mo. 482.

GOODE, J.—This is an action on a special taxbill issued by the common council of the city of Elsberry in favor of that city for the construction of a granitoid sidewalk laid in front of a lot owned by the appellant. There was much controversy regarding the proceedings preliminary to the letting of the work and also as to whether the job when completed was a substantial compliance with the plans and specifications. A finding of facts was made by the trial court at the request of both parties by which we shall abide, and, therefore, will say regarding the facts, only that the court found the preliminary

proceedings were regular and that the sidewalk laid pursuant to them conformed to the specifications. The point of difficulty in the respondent's cause is the mode in which the contract for laying the walk was let. There was a proper advertisement for bids for the work, looking to letting the contract to the lowest bidder in accordance with the statute. [R. S. 1899, sec. 5989.] But no bids were received and, thereupon, as the trial court found, the city council ordered the street commissioner and the street and alley committee to proceed with the construction of the walk in accordance with the specifications on file with the city clerk, and that said committee and commissioner keep an accurate account of the cost, including all labor and material, the same to be charged as a special tax against the abutting property. This proceeding was according to the statutes, for it is provided that when a city of the fourth class shall advertise for bids for the construction of a new sidewalk of any kind and shall receive no bids, the city may proceed to construct or reconstruct such sidewalk at its own expense, and shall keep an accurate account of the amount expended for labor and material, including the grading and filling opposite each lot or piece of ground, and present the same to the board of aldermen for assessment; further that each lot abutting on the sidewalk shall be liable for the cost thereof as reported by the officer or committee having charge of the matter. [R. S. 1899, sec. 5992.] Now, the street commissioner and the street and alley committee of Elsberry, instead of constructing the sidewalk as the council had ordered them to do, entered into a verbal contract with a firm of paving contractors by the name of Craft & Son, to lay the walk for thirteen cents a square foot, said price to cover the entire cost of labor and material. No account was kept by the city or any one else of the separate amounts expended for labor and material. The testimony went to show that the price paid for the work yielded a profit

to the contractors. We know of no authority for constructing sidewalks by cities of the fourth class in the manner narrated. If it is to be done by an independent contractor, it must be pursuant to a contract entered into after competitive bidding. If no bids are received, the only method of laying the walk provided by the statutes is for the city to do the work at its own expense, keeping an account of the items of cost. For the amount of these items a special taxbill may be issued against the abutting property. The law seems to contemplate that when the work is not let to a contractor on competitive bidding, only the actual cost incurred in laying the walk can be assessed against the property, and that this cost shall represent the itemized expense incurred by the city authorities in doing the work. In other words, a contract by which a private person may do the work, perchance at a profit which is not limited by competition, is unauthorized. We wish to make our decision no broader than the facts require and do not say what would be the legal result if the different items of the work had been let in separate contracts. No separate account of the items was kept, but both the letting and the assessments were for one sum.

It is argued that the respondent was not prejudiced in any way by the city letting the work to competent contractors, and possibly this is true. But we have no power to approve a method of creating special assessments against property for public improvements which is a radical departure from the method prescribed by the Legislature for letting the work.

The judgment is reversed. All concur.